# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM OFFUTT,**

    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 3:07cv75**
                                                                                   (Judge Bailey)

**ADMINISTRATOR EDWARD J. RUDLOFF,**

    **Defendant.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

### I. BACKGROUND

On June 13, 2007, the plaintiff, William Offutt, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The plaintiff seeks an order for his immediate transfer to a medically qualified DOC facility where he can receive proper care for his heart condition. In addition to his complaint, the plaintiff filed a Motion for Leave to Proceed in forma pauperis. On June 15, 2007, the undersigned entered an Order directing the Clerk to send the plaintiff a blank prisoner trust account report. The Order directed the plaintiff to return the completed form, together with ledger sheets for the preceding six months within twenty day of entry of the Order. On August 16, 2007, the undersigned reviewed the file and determined that the plaintiff had yet to return the prisoner trust account report and ledger sheets. Therefore, an Order to Show Cause was entered on that same date, and the plaintiff was given ten days to explain why his case should not be dismissed. On August 17, 2007,, the plaintiff filed a letter asking to withdraw his complaint. The undersigned has construed this to be a Motion to Dismiss.

### II. ANALYSIS

Rule 41 of the Federal Rules of Civil Procedure provides for dismissal of actions. More

particularly, Rule 41(a) provides for voluntary dismissal. Pursuant to Rules 41(a)(1), an action can be dismissed by the plaintiff without order of court upon filing of a notice of dismissal at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs. Because this matter has not been screened, the defendant has not been served, and there is no an answer or motion for summary judgment. Accordingly, this matter may be dismissed without order of the court.

### III. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the Clerk be directed to close this case and dismiss it from the active docket of the Court.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff by certified mail, return receipt requested.

DATED: August 20, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE