**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**WILLIAM OFFUTT,**

    Petitioner,

v.                                                                       **CIVIL ACTION NO. 3:07-CV-75
(BAILEY)**

**ADMINISTRATOR EDWARD J. RUDLOFF,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION
THAT CASE BE DISMISSED AND STRICKEN FROM DOCKET**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on August 20, 2007 [Doc. 15]. In that filing, the magistrate judge recommended that this Court direct the Clerk to close the case and dismiss the *pro se* plaintiff's complaint filed under 42 U.S.C. § 1983 [Doc. 1] from the active docket of the Court.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due September 4, 2007 [Doc. 15], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). No objections to the R & R have been filed. Accordingly, this Court will review the report and recommendation for clear error.

As the magistrate judge stated more fully in his R & R, the plaintiff filed a letter asking to withdraw his complaint, which will be construed as a motion to dismiss [Doc. 14]. Under the Federal Rules of Civil Procedure Rule 41 (a) (1), an action can be dismissed by the plaintiff without an order of court upon filing of a notice of dismissal at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs. Because this matter has not been screened, the defendant has not been served and, therefore, neither of these events has occurred. Therefore, this matter may be dismissed without order of the court.

Accordingly, upon careful review of the report and recommendation [Doc. 15], it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Doc. 15] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Therefore, this Court hereby **GRANTS** the plaintiff's motion to dismiss [Doc. 14]. Accordingly, the Court hereby **DIRECTS** the Clerk to **CLOSE** and **DISMISS** petitioner's complaint filed under 42 U.S.C. § 1983 [Doc. 1] from the active docket of this Court. Additionally, the plaintiff's Application for Leave to Proceed Without Prepayment of Fees [Doc. 2] and the plaintiff's motion to amend/correct complaint [Doc.

11] are hereby **DENIED as moot**.

It is so **ORDERED**.

The Clerk is directed to transmit by certified mail a copy of this Order to any counsel of record and the *pro se* plaintiff.

**DATED:** October 2, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE